IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § § | |
| Plaintiff-Respondent, | | |
| v. | § § § § § § | Cr. No. C-99-165 |
| LUIS HUMBERTO DELGADO, | | |
| Defendant-Movant. | | |

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION FOR DOWNWARD DEPARTURE**

On January 23, 2008, the Clerk's office received a motion from Defendant Luis Humberto Delgado ("Delgado") titled as a "Motion for Downward Departure for Unforeseen Collateral Consequences in Punishment As Alien, Not Suffered By Identical United States Citizen." The motion is now pending before the Court and addressed herein. (D.E. 57.)

In his motion, Delgado argues that, because of his status as a deportable alien, he is being subjected to a harsher sentence than United States citizens who were convicted of similar crimes. (D.E. 57 at 1.) In particular, he claims that he is subject to a higher security level while incarcerated and that he is ineligible for programs such as placement in a community center, a halfway house, or work release. (D.E. 57 at 1-2.) He argues that his ineligibility for such programs constitutes a violation of the equal protection clause. (D.E.

1

57 at 2.) He thus requests a "downward departure" in his sentence to rectify the allegedly illegal situation. (D.E. 57 at 3.)

As discussed herein, the Court construes his motion as a motion to reduce sentence. For the reasons set forth below, the motion is DENIED.

## I. BACKGROUND

Delgado pleaded guilty to the sole count of the indictment against him, for possession with intent to distribute approximately 25 kilograms of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). (D.E. 17.) He was sentenced by this Court on January 6, 2000, to 135 months in the custody of the Bureau of Prisons, to be followed by a five-year term of supervised release. (D.E. 29, 30.) The Court also imposed a $100 special assessment. (D.E. 29, 30.) Judgment was entered against Delgado on January 7, 2000. (D.E. 30.) He timely appealed, and the Fifth Circuit affirmed in a per curiam opinion. (D.E. 42, 43.)

Delgado subsequently filed a motion pursuant to 28 U.S.C. § 2255 (D.E. 44), which was denied. (D.E. 48.) Final judgment was entered in those proceedings on August 29, 2002. (D.E. 49.) Delgado appealed the denial of his § 2255 motion (D.E. 51), but both this Court and the Fifth Circuit denied him a Certificate of Appealability. (D.E. 53, 56.) More than four years later, Delgado filed the instant motion.

## II.  ANALYSIS

### A.  Characterization of Motion

At the outset, the Court is tasked with determining how to construe Delgado's motion, adhering to the principle that *pro se* pleadings are to be construed liberally. United States v. Riascos, 76 F.3d 93, 94 (5th Cir. 1996).  Notably, Delgado is not challenging his conviction or sentence on the grounds that it was improper, nor does he assert cognizable grounds for relief under 28 U.S.C. § 2255. Instead, he is asking for a reduction in sentence based on the fact that his status as a deportable alien renders him ineligible for certain placements or benefits administered by the Bureau of Prisons.

Particularly in light of the Supreme Court's decision in Castro v. United States, 540 U.S. 375 (2003), the Court declines to construe Delgado's motion as a § 2255 motion. Cf. Castro, 540 U.S. at 382-83 (if a district court recharacterizes a post-conviction motion as a § 2255 motion and fails to provide adequate notice and warning to the defendant of the consequences of the recharacterzation, then the motion is not a first petition for purposes of applying to later motions the restrictions on "second or successive" § 2255 motions). Rather than construing his motion as a § 2255 motion, then, the Court construes it as a motion to reduce sentence pursuant to 18 U.S.C. § 3582.

### B.  Motion for Reduced Sentence

Having determined that Delgado's motion is properly construed as a motion for reduction of sentence, it is clear that he has not stated grounds entitling him to relief.  This

Court has authority to modify or correct a previously imposed sentence only in the "limited number of circumstances" set out in 18 U.S.C. § 3582(c).  United States v. Bridges, 116 F.3d 1110, 1112 (5th Cir. 1997).  These circumstances are limited to the following: (1) when the Bureau of Prisons moves the Court to modify the sentence for reasons outlined in § 3582(c)(1); (2) under Fed. R. Crim. P. 35 (on the government's motion due to substantial assistance or to correct a clerical mistake within seven days of the date the sentence was imposed); and (3) when the guidelines under which the defendant was sentenced have been subsequently lowered, and a modification of sentence is consistent with the guidelines' policy statements.  See § 3582(c).

Delgado fails to assert grounds for modification that fall into any of the categories above.  Thus, this Court is without authority to reduce his sentence.

Moreover, it is worth noting that his equal protection claim is without merit. The BOP's policies on the precise issue of community-based placement being unavailable to INS detainees or deportable aliens have withstood similar challenges.  See 28 C.F.R. § 550.58; see, e.g., Bazuaye v. Tombone, 275 F.3d 44, 2001 WL 1223857 (5th Cir. 2001) (rejecting equal protection claims and due process claims of INS detainee who was ineligible for sentence reduction for drug treatment and ineligible for community-based placement); see also McLean v. Crabtree, 173 F.3d 576, 118-85, (9th Cir. 1999) (BOP's rule prohibiting prisoners with INS detainers from receiving sentence reduction under substance abuse treatment statute does not violate due process or equal protection).

### III.  CONCLUSION

For the foregoing reasons, Delgado's "Motion for Downward Departure for Unforeseen Collateral Consequences in Punishment As Alien, Not Suffered By Identical United States Citizen" (D.E. 57) is construed as a motion to reduce sentence under 18 U.S.C. § 3582, and is DENIED.

It is so ORDERED this 6th day of February, 2008.

_____
HAYDEN HEAD
CHIEF JUDGE